### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY C. KENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-586-GKF-FHM |
| ) | |
| VALMONT INDUSTRIES, INC. and JUDY ) | |
| WALLACE, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

This motion comes before the Court on Defendants' Motion to Dismiss [Dkt. # 12]. Plaintiff Anthony C. Kenney ("Kenney") claims that defendants discriminated against him on account of his race, thereby violating his civil rights. Kenney is a pro se litigant.

Defendants contend the Court lacks subject matter jurisdiction. In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973), the United States Supreme Court outlined the jurisdictional prerequisites to a federal action for discrimination under Title VII of the Civil Rights Act. A plaintiff must file a timely charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), and must receive and act upon the EEOC's statutory notice of the right to sue. *Id.*; 42 U.S.C. §§ 2000e-5(a) and 2000e-5(e). Similarly, the Tenth Circuit has stated that "[u]nder Title VII, a plaintiff must obtain a right to sue letter from the EEOC as a prerequisite to suit." *Shikles v. Sprint*, 426 F.3d 1304, 1310 (10th Cir. 2005). In order to receive a right to sue letter from the EEOC, the aggrieved employee must first allow the EEOC 180 days to investigate his claim. 42 U.S.C. § 2000e-5(f)(1). During this period, the EEOC has "exclusive jurisdiction over the claim for 180 days." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1196 (10th Cir. 2003).

Kenney filed his charge of discrimination against Valmont Industries on March 21, 2007. [Dkt. #12-3]. The initial 180 day period for investigation by the EEOC has not yet run. Moreover, Kenney has neither alleged nor offered anything suggesting that the EEOC has issued a right to sue letter. This Court therefore lacks subject matter jurisdiction.

WHEREFORE, Defendants' Motion to Dismiss [Dkt. #12] is **granted** for lack of subject matter jurisdiction.

**IT IS ORDERED** this 31st day of July 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma